02D09-2308-CT-000601
Allen Superior Court 9

Filed: 8/30/2023 12:09 PM
Clerk
Allen County, Indiana
JS

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO. |

DAVID ARBUCKLE         )
                       )
       Plaintiff,      )
                       )
v.                     )
                       )
VISITING NURSE AND HOSPICE HOME )
INC., d/b/a STILLWATER HOSPICE  )
                       )
       Defendant(s).   )

# COMPLAINT

The Plaintiff, by counsel, alleges against the Defendant as follows:

1. The Plaintiff is David Arbuckle, a qualified employee who performed within the reasonable expectations of his employer at all times material to this Complaint. Plaintiff alleges he has been discriminated against and retaliated against on the basis of his disability/perceived disability, his sex (male), and his age (fifty-eight years old), in violation of his federally protected rights pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA").

2. The Defendant is Stillwater Hospice, a company doing business at 5910 Homestead Rd. Fort Wayne, IN 46814. Defendant is an "employer" for the purposes of the ADA. Defendant's registered agent is Leslie Friedel at 5910 Homestead Rd, Fort Wayne, IN, 46814.

3. Plaintiff filed as Charge of Discrimination (charge No. 470-2023-02552) with the Equal Employment Opportunity Commission ("EEOC") on March 3d, 2023, a copy of which is attached hereto, incorporated herein, and made a part hereof as "Ex. A." The

**EXHIBIT B**

EEOC issued its Notice of Rights on July 24th, 2023, a copy of which is attached hereto and made a part hereof as "Ex. B." All jurisdictional requirements have been met, and all administrative remedies have been exhausted for the filing of this lawsuit.

4. Plaintiff worked for Defendant as a maintenance supervisor from 2009 until his wrongful termination in November 2022.

5. On or about September 1, 2022, Plaintiff had a surgery on his hand and had to utilize FMLA while his hand healed.

6. While his hand was healing, Plaintiff was substantially limited in his daily life activities.

7. Plaintiff had originally planned to return to work approximately six (6) weeks after his surgery but due to complications he had to remain on FMLA for all twelve (12) weeks he was allowed.

8. At the end of his twelve (12) weeks of FMLA Plaintiff's doctor advised he not lift more than ten (10) pounds when he returned to work, temporarily, until he could be reevaluated.

9. Plaintiff brought his doctor's recommendations to his manager and Defendant's human resources department but was told the accommodation would not be granted and he could not return to work.

10. Defendant did not offer any alternatives to Plaintiff's requested accommodation and did not participate in the interactive process in any way.

11. Plaintiff was told he was not allowed to return to work and Defendant would be hiring someone to fill his position but that he could reapply if it was not filled by the time

2

Plaintiff no longer needed an accommodation.

12. When Plaintiff later filed for unemployment, he was told he was still employed by Defendant and was therefore denied unemployment benefits.

13. Plaintiff inquired with Defendant why he was listed as employed and was informed he was being listed as Pro re nata ("PRN"), a designation commonly used with Defendant's nursing staff which meant on an "as needed basis."

14. Plaintiff was also informed during the PRN conversation that his services were not needed and he was being given zero hours.

15. Plaintiff contends Defendant designated his employment as PRN so that he was effectively terminated but would be unable to apply for unemployment insurance benefits.

16. Plaintiff contends Defendant designated him PRN, effectively terminating him, and actually terminated Plaintiff for pretextual reasons and in retaliation for requesting an accommodation.

17. Plaintiff contends Defendant's discriminatory and/or retaliatory conduct was the direct and proximate cause of Plaintiff suffering the loss of his job and job-related benefits, such as income, and subjected him to emotional distress, embarrassment, mental anguish, inconvenience, and other damages and injuries. Plaintiff seeks compensatory damages, including reasonable attorney fees and costs.

18. Furthermore, the Defendant's discriminatory and/or retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights pursuant to the ADA, warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory and punitive and/or liquidated damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CLOSE & HITCHCOCK, LLP**

/s/ Jennifer L. Hitchcock
Jennifer L. Hitchcock, #34635-02
116 E. Berry Street, Suite 300
Fort Wayne, IN 46802
Telephone:   (260) 408-6818
E-Mail:   jennifer@closehitchcock.com
*Attorney for Plaintiff*